||||
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | **UNITED STATES DISTRICT COURT** | |
| 9 | **SOUTHERN DISTRICT OF CALIFORNIA** | |
| 10 | | |
| 11 | BRENT H. GAFFNEY, | CASE NO. 11-CV-2930-H (BGS) |
| 12 | Plaintiff, | **ORDER:** |
| 13 | vs. | **(1) DISMISSING COMPLAINT WITHOUT PREJUDICE;** |
| 14 | | |
| 15 | | **(2) GRANTING PLAINTIFF THIRTY DAYS TO AMEND HIS COMPLAINT; AND** |
| 16 | BRANDEN JACKSON, | |
| 17 | Defendant. | **(3) DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AS MOOT** |
| 18 | | |

The District of Alaska transferred this case to the Southern District of California pursuant to 28 U.S.C. § 1391. (Doc. No. 1.) Plaintiff alleges in his complaint that jurisdiction is based on diversity of citizenship. (Doc. No. 1 at 2.) Defendant has not paid his filing fee, but for the reasons set forth below, the Court sua sponte dismisses Plaintiff's complaint for lack of subject matter jurisdiction. The Court grants Plaintiff leave to amend, and denies as moot Plaintiff's motion to proceed in forma pauperis.

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); Finley v. United States, 490 U.S. 545, 551-552 (1989). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate. Id. Here, Plaintiff alleges that jurisdiction is based on diversity of

1  citizenship. (Doc. No. 1 at 2.) "The district courts shall have original jurisdiction of all civil
2  actions where the matter in controversy exceeds the sum or value of $75,000, and is between:
3  citizens of different States." 28 U.S.C. §1332. Based on the Court's review, Plaintiff's
4  complaint does not satisfy the amount in controversy requirement, and it is unclear whether
5  diversity of citizenship is satisfied. Because federal courts are presumptively without
6  jurisdiction over civil actions and the burden of establishing the contrary rests upon the party
7  asserting jurisdiction, the Court concludes that Plaintiff has failed to meet his burden that
8  subject matter jurisdiction is proper. <u>Kokkonen</u>, 511 U.S. at 377. Accordingly, the Court
9  dismisses Plaintiff's complaint and grants Plaintiff leave to amend within thirty days of this
10 order. Further, the Court denies Plaintiff's motion to proceed in forma pauperis as moot.

11 **IT IS SO ORDERED.**

12 DATED: December 21, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT